IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00547-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS,
DR. CHRISTOPHER WILSON, ADX,
DR. DAVID ALLRED, Clinical Director,
MR. ROGERS, EMT, ADX
BLAKE DAVIS, Warden, ADX,
MR. MUNSON, Associate Warden, ADX,
HON. LEWIS T. BABCOCK, Judge,
HON. KRISTEN L. MIX, Magistrate Judge,
HON. CRAIG B. SHAFFER, Magistrate Judge,
HON. BOYD BOLAND,
HON. ZITA L. WEINSHIENK, Judge,
HON. PHILIP A. BRIMMER, Judge,
MS. AMY L. PADDEN, Attorney,
MR. J. BENEDICT GARCIA, Attorney, and
JOHN DOES,

    Defendants.

## DENIAL OF PETITION

    Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*, has filed a "Petition Pursuant to Court Seeking Leave to File a Pro-Se Action," an Affidavit, a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. §§ 1331, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

    The Court has reviewed the Petition seeking leave to file a *pro se* action and finds

that Mr. Stine has not complied with the requirements of his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-32 (D. Colo. Sept. 1, 2009). Mr. Stine is required to submit three separate documents that include specific information. Mr. Stine is very aware of the requirements for filing a lawsuit in this Court, but again he has not complied with all of the prerequisites stated in Case No. 07-cv-01839-WYD-KLM. In particular, Mr. Stine is required to identify in what prior lawsuits a defendant was named as a party and to state if a judgment was entered in his favor in any federal or state case, the name and citation of the case, the amount of the judgment and any outstanding amount to be paid and why the amount is outstanding.

Mr. Stine also has filed a motion for injunctive relief and change of venue while his petition seeking leave to proceed is pending approval. Pursuant to the restrictions in Case No. 07-cv-01839-WYD-KLM, he is prohibited from filing any motions or other pleadings pertaining to the petition unless directed to do so. Case No. 07-cv-01839, Doc. No. 344 at 31.

In keeping with the Tenth Circuit's recent order and judgment in *Stine v. U.S. Fed. Bureau of Prisons*, No. 11-1504 (10th Cir. Mar. 8, 2012) (unpublished), even if this Court were to find that Mr. Stine is in imminent danger of serious physical injury and he was able to proceed under 28 U.S.C. § 1915, he remains subject to the filing restrictions under Case No. 07-cv-01839. *See* No. 11-1504 at 13. Finally, the Tenth Circuit found that the restrictions set forth in Case No. 07-cv-01839 are "not unreasonable in light of Mr. Stine's previous filings," *id.* at 16, and if Mr. Stine desires to collaterally attack the imposed restrictions he may not do so at the time the restrictions are being enforced, *id.* at 19, but must do so "*before the court that originally issued the injunction*" in a Fed. R. Civ. P. 60(b)(5) motion, *id.* at 20 n.7. Accordingly, it is

ORDERED that the "Petition Pursuant to Court Order Seeking Leave to File a Pro-Se . . . Action," Doc. No. 1, is DENIED without prejudice. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Doc. No. 2, is denied as moot. It is

FURTHER ORDERED that the "Motion to Expedite Reviewing Process Due Imminent Danger; Motion for Emergency TRO and Preliminary Injunction, Change of Venue," Doc. No. 4, is DENIED as moot.

DATED this 22nd day of March, 2012.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge